# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL DOCKET** |
| **VERSUS** | **No. 09-142** |
| **FELTON WILLIAMS** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed by defendant, Felton Williams.[1] For the following reasons, the motion is **DISMISSED WITHOUT PREJUDICE**.

Defendant filed his motion to vacate on January 28, 2010.[2] Prior to that date, on January 13, 2010, however, defendant filed a notice of direct appeal.[3] "[A] criminal defendant may not collaterally attack his conviction until it has been confirmed on direct appeal." Fassler v. United States, 858 F.2d 1016, 1019 (5th Cir. 1988), cert denied, 490 U.S. 1099 (1989) (citing Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972)). Where a defendant seeks § 2255 relief while a direct appeal is pending, the motion is not ripe for consideration and must be dismissed for lack of jurisdiction. See Risby v. Wendt, 2004 WL 828067 at * 5 (N.D. Tex. Apr. 15, 2004); United States v. Norwood, 2006 WL 3350207 at * 1 (N.D. Tex. Nov. 14, 2006).

Accordingly,

---

[1] R. Doc. No. 194.
[2] R. Doc. No. 194.
[3] R. Doc. No. 184.

1

**IT IS ORDERED** that defendant's motion to vacate pursuant to § 2255 is **DISMISSED WITHOUT PREJUDICE**. Defendant retains the right to timely resubmit his motion, if necessary, upon resolution of the direct appeal.

New Orleans, February 23, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**